United States District Court

Eastern District of California

Danny Atterbury,

      Petitioner,                    No. Civ. S 05-1618 FCD PAN P

  vs.                                Findings and Recommendations

Dave Grazaini,

      Respondent.

-oOo-

    Petitioner was charged in the California Superior Court with two counts of attempted murder with great bodily injury in 1989. After waiving his right to a jury trial, a judge found petitioner guilty but insane at the time of the crime and petitioner was committed to a mental health facility. See Cal. Pen. Code §§ 1026, 1026.5.

    Petitioner seeks a writ of habeas corpus upon the ground he is detained in a state hospital beyond his release date. 28 U.S.C. § 2254. Respondent moves to dismiss upon the ground

petitioner failed to exhaust available state remedies. Petitioner opposes.

A district court may not grant a petition for a writ of habeas corpus unless "the applicant has exhausted the remedies available in the courts of the State," or unless there is no State corrective process or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by presenting both the operative facts and the legal theory to the highest state court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 278 (1971). General appeals to constitutional principles, such as due process, equal protection and the right to a fair trial, are insufficient to exhaust a claim. See Gray v. Netherland, 518 U.S. 152, 162-63 (1996). A petitioner must identify the "specific federal constitutional guarantee," Gray, 518 U.S. at 162-63, even if the facts make a constitutional theory "self-evident." See Anderson v. Harless, 459 U.S. 4, 7 (1982). A claim is unexhausted if any state remedy is available. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999) (petitioner must seek discretionary review from state court of last resort); Roberts v. Arave, 874 F.2d 528, 529 (9th Cir. 1988)(no exhaustion where state supreme court referred petitioner's appeal of trial court's denial of post-conviction relief to lower appellate court and petitioner failed to appeal lower court's disposition of that appeal to state supreme court). An unexhausted petition must be

1 dismissed.  Picard, 404 U.S. at 271.

2 Petitioner claims (1) he is detained beyond his release
3 date; (2) the venue of a hearing on the state's petition to
4 extend his commitment should be changed; (3) the superior court
5 judge presiding over the commitment proceedings should recuse
6 himself; and (4) his state attorney should withdraw because he
7 has a conflict of interest.

8 Petitioner has not presented his first claim to the
9 California Supreme Court in any form and so it is unexhausted.

10 While he presented his second, third and fourth claims to
11 the California Supreme Court, he did not articulate a specific
12 federal constitutional theory of relief.  These claims therefore
13 are not exhausted.[1]

14 I therefore recommend respondent's November 21, 2005, motion
15 be granted and this action be dismissed for failure to exhaust
16 available state remedies.

17 Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
18 findings and recommendations are submitted to the United States
19 District Judge assigned to this case.  Written objections may be
20 filed within 20 days of service of these findings and
21 recommendations.  The document should be captioned "Objections to
22 Magistrate Judge's Findings and Recommendations."  The district
23 ///
24 ///

---

[1] I note claims two, three and four are moot if the August 2005 hearing occurred.  See Spencer v. Kemna, 523 U.S. 1, 8, 14 (1998).

1 | judge may accept, reject, or modify these findings and
2 | recommendations in whole or in part.
3 |     Dated: December 13, 2005.

```
                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge
```