United States District Court

Eastern District of California

Danny Atterbury,

       Petitioner,  No. Civ. S-05-1618 FCD PAN P

  vs.  Order

Dave Grazaini, Executive
Director of Napa State Hospital,

       Respondent.

-oOo-

Petitioner requests appointment of counsel on the grounds he is indigent and lacks legal training and the law is complex.

There is no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, whenever the court determines the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 18 U.S.C. § 2254. 18 U.S.C. § 3006A(a)(2)(B). Unless an

evidentiary hearing is necessary, the decision to appoint counsel is discretionary. Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir.), *cert. denied*, 469 U.S. 838 (1984); Rule 8(c), Rules Governing § 2254 Cases.

In deciding whether to appoint counsel the court exercises discretion governed by a number of factors, including the likelihood of success on the merits and the applicant's ability to present his claims in light of their complexity. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); see also, LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987). Ordinarily the presumption of regularity in the state's procedures for confining prisoners suggests a lack of likely success and counsels against appointment of counsel. See Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981). As a general rule, the court will not appoint counsel unless the applicant shows his claim has merit in fact and law. Id. Even if the applicant overcomes this hurdle, the court will not appoint counsel if the law is settled and the material facts are within the petitioner's possession, viz., they do not require investigation outside the prison walls. Id. at 887-88.

December 13, 2005, I recommended this action be dismissed for petitioner's failure to exhaust available state remedies and so there is no reason to believe appointment of counsel would be of significant benefit.

///

///

1  Petitioner's November 28, 2005, request for the appointment
2 of counsel therefore is denied.
3     So ordered.
4     Dated:  December 20, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge